```
                                                          USDC SDNY
                                                          DOCUMENT
UNITED STATES DISTRICT COURT                              ELECTRONICALLY FILED
SOUTHERN DISTRICT OF NEW YORK                             DOC #: _____
                                                          DATE FILED: March 25, 2013
```

THE DISTRICT COUNCIL 1707 LOCAL 389
HOME CARE EMPLOYEES' PENSION and
HEALTH AND WELFARE FUNDS,

                Plaintiffs,

        v.

GAIL STRAYHORN, CIVILETIS
INTERNATIONAL, DARCELLE DUNCAN aka
DARCELLA OKPAKU, and BAYO OKPAKU,

                Defendants.

11 Civ. 7911 (PAC)

**MEMORANDUM & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

        On November 4, 2011, the District Council 1707 Local 389 Home Care Employees' Pension and Health and Welfare Funds (together "Plaintiffs" or "the Funds") brought this action against Defendant Gail Strayhorn asserting claims for breach of fiduciary duty under the Employee Retirement and Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq., as well as a state common law fraud claim against Strayhorn and Defendants Bayo Okpaku, Darcelle Duncan, and Civiletis International (collectively, the "state-claim Defendants"). (Compl., ECF No. 1.) On February 24, 2012, the state-claim Defendants moved to dismiss on the grounds that the Court lacked subject-matter jurisdiction over the claim asserted against them. (ECF No. 16.) For the following reasons, the Court dismisses the action for lack of subject-matter jurisdiction.

## BACKGROUND

    **A.**    **Factual Background**

        Plaintiffs allege that Strayhorn, as Director of the Local 389 Funds, made arrangements with Bayo Okpaku and Darcelle Duncan, "officers, employees and/or representative[s] of Civiletis," from whom the Funds purchased supplies, which caused the Funds to pay bills created by Duncan or Okpaku for supplies either not delivered or billed at well above market rate in

exchange for improper compensation. (Compl. ¶¶ 6, 8, 10–13.) Plaintiffs allege that the Funds, as a result of Defendants' actions, paid Civiletis approximately $900,000 for supplies that were either never delivered or were billed at above market rates. (Id. at ¶¶ 10, 12.) Plaintiffs claim that Strayhorn was a fiduciary of the Funds and that her actions breached her duties as set forth in 29 U.S.C. §§ 1104 and 1106. (Id. ¶¶ 17–26.) Plaintiffs also allege that all Defendants committed fraud through their participation in this scheme. (Id. at ¶¶ 28–31.) Pursuant to ERISA, Plaintiffs seek to have Strayhorn's pension benefits reduced in the amount she is held liable and all Defendants held jointly and severally liable for the amount paid in excess of market value or for supplies not delivered. (Id. at 5–6.)[1]

### B.  Asserted Bases for Subject-Matter Jurisdiction

Plaintiffs assert that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the Funds are "located in and have their principal places of business in the State of New York," while the individual Defendants are "citizens of the state of New Jersey and/or a foreign state" and, "upon information and belief, defendant Civiletis International . . . and its principals are each citizens of New Jersey or a foreign state." (Id. at ¶ 3.)

The Complaint also states that the Court has federal question jurisdiction over the ERISA claims against Strayhorn, and "pendent jurisdiction over the state claims." (Id. ¶ 4.)

### C.  Procedural History

State-claim Defendants Bayo Okpaku, Darcelle Duncan, and Civiletis International moved pursuant to Rule 12(b)(1) to dismiss the claim against them for lack of federal subject-

---

[1] Plaintiffs named both the Defendants in this action and other parties as defendants in a separate action. See Dist. Council 1707 Local 389 Home Care Emps.' Pension & Health & Welfare Funds v. Strayhorn, No. 11 Civ. 3701 (PAC) (S.D.N.Y. filed June 1, 2011). On November 3, 2011, the state-claim Defendants were voluntarily dismissed from that action in order to separately adjudicate the claims addressed in this action. (See id. ECF No. 25.)

matter jurisdiction.  The state-claim Defendants allege that diversity is lacking because Civiletis International is a sole proprietorship registered in New York, thus defeating the complete diversity of the parties as Plaintiffs are located in New York.  (Def. Mem. at 3, ECF No. 18; see id. at 15–16.)  The state-claim Defendants also argue that the Court cannot exercise supplemental jurisdiction over the state-law claim because it does not arise from the same "case or controversy" as the claims asserted against Strayhorn (id. at 11–15), or, in the alternative, that the Court should decline to exercise supplemental jurisdiction over the state-law claim because it raises novel questions of state law and substantially predominates over the federal claims and because of the existence of "special circumstances," namely the potential need for a jury trial for the state-law claim (id. at 16–25).

## DISCUSSION

**I.    STANDARD OF REVIEW**

 "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the case."  Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1986).  In addition, "[f]ederal courts have an independent obligation to raise and decide jurisdictional questions that the parties either overlook or elect not to press."  MLC Fishing, Inc. v. Velez, 667 F.3d 140, 143 (2d Cir. 2011) (per curiam) (quotations and alterations omitted).  Federal Rule of Civil Procedure 12(h)(3) requires that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

The federal courts are of limited subject-matter jurisdiction, see Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005), and "[t]here are no presumptions in favor of the jurisdiction of the courts of the United States."  Ex parte Smith, 94 U.S. 455, 456 (1876).

Rather, "[a] plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). While "all material factual allegations in the complaint" must be accepted as true, Shipping Fin. Serv. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998) (citation omitted), "[j]urisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." APWU v. Potter, 343 F.3d 619, 623 (2d Cir. 2003) (quotation omitted). In deciding a 12(b)(1) motion, the Court "may consider materials extrinsic to the complaint." Phifer v. City of New York, 289 F.3d 49, 55 (2d Cir. 2002).

## II.   THE FUNDS ARE THE ONLY PLAINTIFFS IN THIS ACTION

Before addressing Defendants' legal arguments, the Court turns to exactly who the Plaintiffs are in this action. The Federal Rules of Civil Procedure require that "[e]very pleading must have a caption with . . . a title . . . . *The title of the complaint must name all the parties*; the title of other pleadings, after naming the first party on each side, may refer generally to other parties." Fed. R. Civ. P. 10(a) (emphasis added); see Hernandez-Avila v. Averill, 725 F.2d 25, 27 (2d Cir. 1984). The caption is logically "entitled to considerable weight when determining who the plaintiffs to a suit are since plaintiffs draft complaints." Williams v. Bradshaw, 459 F.3d 846, 849 (8th Cir. 2006).[2] The Complaint's caption names as plaintiffs "The District Council 1707 Local 389 Home Care Employees' Pension and Health and Welfare Funds." (Compl. at 1.) In addition, the Complaint's allegations of diversity jurisdiction mention only the location and principal place of business of the Funds, and do not address any trustees'

---

[2] The caption of a complaint is not alone dispositive; "the caption, pleadings, service of process and other indications of the intent of the pleader, are evidence upon which a district court will decide, in cases of doubt, whether an entity has been properly made a party to a lawsuit." E.E.O.C. v. Int'l Ass'n of Bridge, Structural and Ornamental Ironworkers, Local 580, 139 F. Supp. 2d 512, 525 (S.D.N.Y. 2001) (quotation omitted).

citizenship. (Id. ¶ 3.) The allegations of federal question jurisdiction do not refer to trustees. (Id. ¶ 4.)

The Complaint mentions (but does not name) the Funds' trustees on its first page, in the paragraph immediately following the caption, which states: "The District Council 1707 Local 389 Home Care Employees Pension and Health and Welfare Funds[] (hereafter 'the Funds'), and the Trustees thereof, by and through their attorneys . . . allege as follows[.]" (Id. at 1.) However, the remainder of the Complaint mentions only "Plaintiffs" or "the Funds," without any mention of the trustees. Plaintiffs' subsequent pleadings are consistent with this. The Funds' trustees are never identified by name and are referenced, as "trustees," only in Plaintiffs' Answer to Strayhorn's counterclaim. (ECF No. 5.) In that Answer, Plaintiffs unilaterally changed the caption, adding "et. al." after the Funds as Plaintiffs,[3] and named as Plaintiffs the Funds and "the Trustees thereof" in their first paragraph. (Id. at 1.) The caption returned to its original state in Plaintiffs' subsequent pleadings and supporting documentation.

Accordingly, the Court reads the Complaint to identify only the Funds as the plaintiffs in this action, and examines the asserted subject-matter jurisdiction on that basis.

## III.    PLAINTIFFS HAVE FAILED TO ESTABLISH THIS COURT'S SUBJECT MATTER JURISDICTION

### A.    Plaintiffs Have Inadequately Pleaded Diversity Jurisdiction

Diversity jurisdiction requires that "all adverse parties to a litigation are completely diverse in their citizenships." Herrick Co. v. SCS Commc'n., Inc., 251 F.3d 315, 322 (2d Cir. 2001). "[A] plaintiff premising federal jurisdiction on diversity of citizenship is required to include in its complaint adequate allegations to show that the district court has subject matter

---

[3] The Court notes that "if [its] permission is not given [to amend a caption], the caption should be shown in compliance with" Rule 10(a). Hernandez-Avila, 725 F.2d at 27 n.4.

jurisdiction." Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont, 565 F.3d 56, 64 (2d Cir. 2009). That party has "the burden of persuasion in establishing specific initial domiciles that support the existence of diversity jurisdiction." Herrick, 251 F.3d at 324. If the record as a whole demonstrates diversity of citizenship, however, an action need not be dismissed because the complaint alone fails to properly allege diversity. Durant, 565 F.3d at 64.

1. *The Citizenship of a Sole Proprietorship Is That of Its Proprietor*

Plaintiffs' allegations of diversity are based in part on an allegation that, "upon information and belief, defendant Civiletis International . . . and its principals are each citizens of New Jersey or a foreign state." (Compl. ¶ 3.) Plaintiffs further allege that "Civilities (sic) was a Nigerian corporation with offices at 518 Gregory Avenue, Weehawken, New Jersey." (Id. ¶ 7.) The state-claim Defendants argue complete diversity is lacking because Civiletis International is a sole proprietorship whose proprietor is Okpaku, and is properly considered a citizen of New York based on a "Business Certificate" filed with New York County in 1983.[4] (See Def. Mem. Ex. G, ECF No. 18-2.) Plaintiffs respond by providing documentation to support the assertion that their business dealings with Civiletis produced a logical conclusion that Civiletis did business in New Jersey. (See Mem. Opp'n Exs., ECF Nos. 19-1–19-7.) Plaintiffs have not, however, explicitly clarified or revised their earlier allegations of citizenship.

"[I]t is well established that, where a party is a sole proprietorship, it takes on the citizenship of its proprietor." Travelers Ins. Co. v. Broadway W. St. Assocs., Nos. 92 Civ. 5650, 92 Civ. 5651 (SWK), 1994 WL 174242, at *6 (S.D.N.Y. May 5, 1994); see Lyerla v. AMCO Ins. Co., 536 F.3d 684, 687 n.1 (7th Cir. 2008) (noting that sole proprietorship's citizenship for

---

[4] Under New York law, a person conducting business under an assumed name, "other than a corporation, limited partnership or limited liability company," must file a certificate at the county clerk's office, N.Y. Gen. Bus. L. § 130(1)(a), which Defendants' documentation indicates Okpaku did in 1983.

6

diversity purposes is that of its proprietor).  The state-claim Defendants provide no legal support for their claim that a sole proprietor who has filed a notice that he or she is doing business under an assumed name in New York should be treated as a citizen of New York.  Indeed, the state-claim Defendants assert, inaccurately, that "[t]here is no case law directly on point as regards [diversity citizenship of] a sole proprietorship" and, equally incorrectly, that limited partnerships follow the same rules as corporations.[5]  (Defs.' Reply Mem. at 5, ECF No. 21.)

No evidence in the record contradicts Defendants' averment that Civiletis International is a sole proprietorship whose proprietor is Okpaku.  As such, its citizenship for diversity purposes is the same as that of Okpaku.  Thus, if Okpaku may be named as a defendant while maintaining diversity jurisdiction, so may Civiletis.

2.   *Plaintiffs Have Insufficiently Pleaded The Parties' Citizenship*

The Complaint further asserts diversity jurisdiction based on allegations that Strayhorn, Duncan, and Okpaku "are citizens of the state of New Jersey and/or a foreign state,"[6] and that "the Plaintiff Funds are located in and have their principal places of business in the State of New York[.]"  (Compl. ¶ 3).

While for diversity purposes "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has

---

[5] Defendants cite Mudge Rose Guthrie Alexander & Ferdon v. Pickett, 11 F. Supp. 2d 449 (S.D.N.Y. 1998), for this latter proposition.  To quote from that opinion, however, the Supreme Court has "ma[de] [limited partnerships] citizens of every state of which *any of their limited partners is a citizen* notwithstanding the fact that limited partners have no role in management of and virtually no liability for the debts of the partnership."  Id. at 451 (emphasis added).  The court directly contrasted this situation to that of corporations.  See id. at 450–51.

[6] Plaintiffs also allege that "at all relevant times hereto, Darcelle Duncan [a/k/a] Darcelle Okpaku and Bayo Okpaku were residents of New Jersey."  (Compl. ¶ 8.)  These allegations of residency are "insufficient to establish citizenship" for diversity purposes, Canedy v. Liberty Mut. Ins. Co., 126 F.3d 100, 103 (2d Cir. 1997), because "a statement of residence, unlike domicile, tells the court only where the parties are living and not of which state they are citizens."  John Birch Soc. v. Nat'l Broad. Co., 377 F.2d 194, 199 (2d Cir. 1967).

its principal place of business," 28 U.S.C. § 1332(c)(1), Plaintiffs have not alleged that the Funds are corporations. Indeed, Plaintiffs do not assert what kind of entity each of the Funds is.[7] As such, the Funds' location and principal place of business is not controlling. See Semack v. 35 Hamden Hills Drive, LLC, No. 3:12 Civ. 1057 (JBA), 2013 WL 395486, at *3 (D. Conn. Jan. 31, 2013). The treatment of corporations as citizens has not been extended to other entities, and the traditional rule is that "diversity jurisdiction in a suit by or against [an artificial] entity depends on the citizenship of all the members." Carden v. Arkoma Assocs., 494 U.S. 185, 189, 195 (1990) (quotation omitted); see Quantlab Fin., LLC v. Tower Research Capital, LLC, 715 F. Supp. 2d 542, 548 (S.D.N.Y. 2010) (noting that "courts in this district have held that a trust's citizenship depends on the citizenship of its trustee or trustees").

"It is well settled that the essential elements of diversity jurisdiction must be affirmatively alleged in the pleadings." Hodas v. Lindsay, 431 F. Supp. 637, 640 (S.D.N.Y. 1977) (citing Hodgson v. Bowerbank, 9 U.S. 303 (1809)). Absent allegations as to the entity status and citizenship of the Funds, or their occasionally alluded-to "trustees," the Court cannot determine whether it has diversity jurisdiction over the state law fraud claim. Accordingly, the Court dismisses this claim against all Defendants for lack of subject-matter jurisdiction.

### B. The Court Lacks Federal Question Jurisdiction

Although Defendants have not challenged the Court's jurisdiction over the ERISA claims against Strayhorn, the Court considers this question sua sponte. The question of standing to sue under ERISA "implicate[s] the court's subject matter jurisdiction." Toussaint v. JJ Weiser & Co., No. 04 Civ. 2592 (MBM), 2005 WL 356834, at *4 (S.D.N.Y. 2005) (citations omitted).

---

[7] The Court notes that "Congress [has] directed that union welfare funds be established as written formal trusts." N.L.R.B. v. Amax Coal Co., 453 U.S. 322, 329 (1981); see 29 U.S.C. § 186(c)(5); see also Lenon v. St. Paul Mercury Ins. Co., 136 F.3d 1365, 1370 (10th Cir. 1998) (finding that an ERISA benefit plan is an express trust).

The Complaint generally alleges jurisdiction under 29 U.S.C. § 1132.[8]  (Compl. ¶ 4.)  The Court construes Plaintiffs' ERISA claims as brought under Section 1132(a)(2), which authorizes actions "by a participant, beneficiary or fiduciary" for appropriate relief for breach of fiduciary duty, and Section 1132(a)(3), which authorizes actions for injunctive or equitable relief brought "by a participant, beneficiary or fiduciary."

ERISA "comprehensively regulates employee welfare benefit plans that, through the purchase of insurance or otherwise, provide medical, surgical, or hospital care, or benefits in the event of sickness, accident, disability or death."  Arnold v. Lucks, 392 F.3d 512, 514 n.1 (2d Cir. 2004).  ERISA applies to any "employee welfare benefit plan" as defined in 29 U.S.C. § 1002, with certain exceptions, defined in 29 U.S.C. § 1003.  Cf. id. at 518 (analyzing whether a union pension plan fell under ERISA).  The Court must "satisfy itself that ERISA applies to the at-issue benefits plan in such a case" when determining whether it has jurisdiction.  Id. at 517; see Fludgate v. Mgmt. Techs., Inc., 855 F. Supp. 645, 647 (S.D.N.Y. 1995).

"ERISA carefully enumerates the parties entitled to seek relief under [§ 1132]," Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 27 (1983), and "[t]he Second Circuit has taken a very strict view of who has standing to bring suits under [§ 1132], refusing to extend standing beyond the plaintiffs specifically named in ERISA." Eastern States Health & Welfare Fund v. Philip Morris, Inc., 11 F. Supp. 2d 384, 400 (S.D.N.Y. 1998); see Connecticut v. Physicians Health Servs. of Conn., Inc., 287 F.3d 110, 121 (2d Cir. 2002) (holding that state, as non-enumerated party, lacked standing to bring ERISA suit).

---

[8] The Complaint alleges only that the Court has "subject matter jurisdiction over defendant Strayhorn" under Section 1132.  (Compl. ¶ 4.)  The Court construes this to refer to subject-matter jurisdiction over the ERISA claims brought against Strayhorn for breach of fiduciary duty, which is consistent with Plaintiffs' allegation that Strayhorn was a fiduciary of the Funds.  The Complaint also alleges jurisdiction under 29 U.S.C. §§ 1104 and 1106, which are non-jurisdictional parts of the statute that define fiduciary duty and prohibited transactions.  (Id.)

The Second Circuit has addressed the precise issue of federal question jurisdiction over suits brought by ERISA plans in Pressroom Unions-Printers League Income Sec. Fund v. Continental Assur. Co., 700 F.2d 889 (2d Cir.), cert. denied, 464 U.S. 845 (1983). In affirming the dismissal of an ERISA plan's Section 1132 breach of fiduciary duty claim, the Second Circuit explained that "courts are not to infer a grant of jurisdiction absent a clear legislative mandate." Id. at 892. Although "[a]n employee benefit plan may sue . . . as an entity," 29 U.S.C. § 1132(d)(1), this does not imply that plans may sue as non-enumerated plaintiffs under Section 1132(a), because "the jurisdictional provisions of ERISA do not on their face authorize a pension fund to assert a cause of action." Pressroom Unions, 700 F.2d at 891. Instead, Section 1132(d)(1) authorizes suits *against* funds, as well as suits brought by funds "in other situations where there would properly be jurisdiction," such as state contract disputes. Id. at 893.

Section 1132(e)(1) of ERISA is "an exclusive jurisdictional grant" to the plaintiffs named in Section 1132(a), and the Court lacks jurisdiction over claims brought by other, non-enumerated plaintiffs. Id. at 894; see e.g., Coan v. Kaufman, 457 F.3d 250, 258 (2d Cir. 2006) (holding suits brought by plan participants cannot be treated as derivative actions because ERISA plans lack standing); Eastern States, 11 F. Supp. 2d at 401 (refusing to find subject-matter jurisdiction in suit by ERISA plans by "look[ing] beyond the nominal plaintiffs" to plan trustees as the real plaintiffs).

Assuming arguendo that the Funds are ERISA "plans," for the foregoing reasons Plaintiffs have not established jurisdiction under ERISA. Accordingly, the Court dismisses the ERISA claims against Strayhorn for lack of subject-matter jurisdiction.

### C. Strayhorn's Counterclaim Does Not Create Jurisdiction

On December 5, 2011, Strayhorn filed a counterclaim against Plaintiffs, alleging the Funds' (unnamed) trustees breached a fiduciary duty by hiring the "unqualified" Strayhorn and failing to provide her with any training, supervision, guidance, or oversight. (ECF No. 4 at 2–3.) Although it is unclear under which law Strayhorn asserts this counterclaim, even if the Court were to construe the counterclaim as being asserted pursuant to ERISA, it would not confer subject-matter jurisdiction on the Court because under the well-pleaded complaint rule, federal jurisdiction cannot rest upon a counterclaim. Vaden v. Discover Bank, 556 U.S. 49, 60 (2009) (citing Holmes Grp., Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826, 832 (2002)).

### D. Supplemental Jurisdiction is Unavailable

Because the record does not support the Court's original jurisdiction over the diversity claim or the ERISA claims, the Court need not address the question of its supplemental jurisdiction over the state law claim. See 28 U.S.C. § 1367(a); Nowak, 81 F.3d at 1188.

## IV. LEAVE TO AMEND

The Federal Rules of Civil Procedure provide that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. Pro. 15(a)(2). Indeed, "[i]f the underlying facts or circumstances relied on by plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Williams v. Citigroup, Inc., 659 F.3d 208, 213 (2d Cir. 2011) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). It remains, however, a matter of the district court's discretion whether to deny leave to amend. Id.

While the current record before the Court is insufficient, Plaintiffs are hereby permitted to amend their Complaint to properly demonstrate this Court's subject-matter jurisdiction. Plaintiffs are reminded that while an amended complaint can address "defective allegations of

jurisdiction," 28 U.S.C. § 1653, it cannot fix "defects in the jurisdictional facts themselves," Newman-Green Inc. v. Alfonzo-Larrain, 490 U.S. 826, 832 (1989). The general rule remains that a plaintiff cannot "amend its complaint to substitute a new cause of action over which there is subject-matter jurisdiction for one in which there is not." Advani Enter., Inc. v. Underwriters at Lloyds, 140 F.3d 157, 161 (2d Cir. 1998) (citing Pressroom Unions, 700 F.2d at 893).

## CONCLUSION

For the foregoing reasons, Plaintiffs' Complaint is dismissed without prejudice. Plaintiffs have thirty (30) days from entry of this order to file an amended complaint. The Clerk of Court is directed to terminate the motion at docket number 16.

Dated: New York, New York
       March 25, 2013

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge